UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAMONA JOLYNN COMSTOCK,  No. 07-10718

Debtor(s).
_____/

Memorandum re Debtor's Income for Means test
_____

    The debtor's employer-paid health plan covers live-in companions even if not married. The debtor is taxed on this benefit to her companion. The debtor included the value of this benefit as current monthly income. The U.S. Trustee argues that the benefit should not be included in current monthly income because the benefit is not received by the debtor and does not increase the funds available from which to repay her creditors.

    Ordinarily, it is the debtor who argues for a narrow definition of income and the U.S. Trustee, representing creditor interests, who argues for an expanded definition so as to make as few debtors as possible eligible for bankruptcy relief. However, in this case the roles are reversed because there is a vagary in the mechanical means test calculation which makes it easier for the debtor to pass the means test if her income is slightly higher.

    Section 101(10A) of the Bankruptcy Code defines "current monthly income" as the average income from all sources that the debtor receives without regard to whether such income is taxable income. It is the starting point in a scheme which substitutes a formula for judicial discretion. While the court has sympathy for

1

the debtor in this case because the calculation turns out poorly for her, to rule in her favor would create a heads-I-win-tails-you-lose situation where if the debtor fails the initial means test she is barred from bankruptcy but if the debtor appears to pass the means test then the creditors or the U.S. Trustee representing their interests can explore incidental benefits of employment in order to disqualify a seemingly eligible debtor. As long as no discretion is allowed in the means test calculation, it is best that the income test be as simple and neutral as possible. Accordingly, the court adopts the U.S. Trustee's argument and restricts "current monthly income" to payments received by the debtor which increase the funds available to her from which to repay her creditors.

For the foregoing reasons, the court determines that the debtor's current monthly income properly excludes the health benefit to her companion. This shall be deemed without substantial controversy in further proceedings. If the parties agree that this ruling means the debtor cannot pass the means test, then the U.S. Trustee shall submit a form of order dismissing the case. If the debtor can still pass the means test notwithstanding this ruling, then the parties shall set the matter for further hearing.

Dated: November 19, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2