UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAMONA JOLYNN COMSTOCK,　　　　　　　　　　　　　　　　　No. 07-10718

　　　　　　　　　　Debtor(s).
_____/

Memorandum re Vehicle Expense for Means test
_____

　　　　The court is growing increasingly frustrated with the parties' attempt to stipulate to the facts in this case. The problems are very apparent in relation to the allowance of ownership and operating expenses for two vehicles, one of which is owned free and clear.

　　　　Both parties agree that transportation expenses can only be allowed when they are necessary to the debtor's health, welfare or production of income. This is a factual issue. The stipulated facts are devoid of any showing of necessity. It would seem that the debtor should lose for this reason alone.

　　　　The debtor argues that one of the vehicles has 208,000 miles on it. That fact is not in the stipulation. The court has no idea on what basis the debtor has made the representation.

　　　　The debtor has claimed both an ownership and an operating expense for each vehicle. However, the BAP has just held that no ownership expense is allowable for a vehicle owned free and clear. *In re Ransom,* – B.R. – (9th Cir. BAP 2007). It seems, although the court is not positive, that this means the case must be dismissed.

　　　　If the parties agree that *Ransom* is dispositive, the U.S. Trustee shall submit an order dismissing the

1

case. If they disagree, the matter shall be set for further hearing. At such further hearing the court will decide if it will allow the matter to proceed on stipulated facts, since the stipulation has made the case more difficult for the court to decide and does not appear to have been providently or thoughtfully entered into.

Dated: December 28, 2007

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge