UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAMONA JOLYNN COMSTOCK,  No. 07-10718

Debtor(s).
_____/

Memorandum re Necessity of Second Vehicle
_____

Chapter 7 debtor Ramona Comstock has annualized income of about $70,000, which is above the state median income. The U.S. Trustee has moved for dismissal of her case as presumptively abusive pursuant to § 707(b)(2) of the Bankruptcy Code. In the absence of special circumstances, which Comstock has not alleged, presumption of abuse is supposed to be a mechanical calculation with the court playing a minimal role. However, in this case it appears that the court must make a factual determination.

The court is somewhat frustrated in this case by inability to fully grasp the issues to be decided. This is due in varying degrees to the complexity of the statue,[1] the lack of guiding case law, the court's own limitations, and the relative disparity in competence between a Justice Department lawyer on one hand and a consumer debtor's counsel of limited litigation experience on the other. The court notes that the Form 22A, which is the basis for the mechanical calculation, has been amended by Comstock twice after the original

---

[1] At one point, counsel for the U.S. Trustee and her own "analyst" disagreed in open court as to the proper interpretation of the statute.

1

version prompted Justice Department scrutiny. The court would like to think that competent debtor's counsel would recognize means test issues at the time of filing and complete the form properly and in the debtor's best interests the first time, but recognizes that counsel do not always live up to the court's expectations.

Mercifully, the parties now agree that the sole remaining issue for the court to decide is (as phrased by the U.S. Trustee), "whether the Debtor's second automobile is necessary for the production of income or her health and welfare." See docket entry #44. The court will proceed to make a factual finding on this issue.

Comstock appears to be in her late 20s or early 30s. She is not married, but she lives with her boyfriend. She owns two motor vehicles, a 1988 Toyota Corolla and a 2003 Nissan Frontier. The Toyota has 218,000 miles on it and is experiencing mechanical problems associated with its age, but gets much better gas mileage than the Nissan. Comstock uses the Toyota whenever she can, especially for her daily 75-mile commute to work.

The court finds less than compelling Comstock's argument that one of the reasons her second vehicle is necessary because her boyfriend needs it, as his 34-year-old car is not running. The debtor filed as a single person, and her boyfriend's income, if any, is not included in the means test calculation. The court therefore feels that the proper test is whether two vehicles are reasonable and necessary for the debtor, not her and her boyfriend.

However, the court finds that the two vehicles are necessary for the Comstock even if she lived alone. The Nissan is absolutely necessary for her to meet her transportation needs. While the Toyota is the best vehicle for her to use in her commute, as it gets much better fuel economy, it is inherently unreliable and could break down or wear out at any time. A second vehicle is a necessity when using such an old, high-mileage vehicle as a primary means of transportation. The only reasonable alternative is a single new vehicle, with its increased ownership costs. Comstock is acting entirely reasonably by using her two older vehicles together rather than incurring the cost of a new vehicle.

Pursuant to § 707(b)(2)(A)(ii)(I) of the Bankruptcy Code, the standards of the Internal Revenue Service are to be used in determining what transportation expenses are to be used in determining if a bankruptcy filing is presumptively abusive. The IRS standards do not limit the number of vehicles a debtor

2

may seek allowance for, only providing that expenses that are excessive should be disallowed. The court has no doubt that if Comstock were seeking an offer in compromise with the IRS that agency would allow expenses for both her modest vehicles as entirely reasonable. Accordingly, deductions of both vehicles for means test purposes is proper.

    For the foregoing reasons, the U.S. Trustee's motion to dismiss will be denied. Counsel for Comstock shall submit an appropriate form of order.

Dated: April 30, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge