UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAMONA JOLYNN COMSTOCK,                                              No. 07-10718

                          Debtor(s).
_____/

Memorandum on Motion to Vacate Order
_____

      This Chapter 7 case has a long history which needs to be recited in order to understand the U.S. Trustee's motion to vacate this court's order of May 5, 2008.

      The debtor filed her Chapter 7 petition over a year ago, on June 13, 2007. On August 20, 2007, the U.S. Trustee filed a motion to dismiss the case on grounds that the case is presumptively abusive and, alternatively, that the case is abusive under the totality of the circumstances even if not presumptively abusive.

      On November 8, 2007, the first hearing was held on the U.S. Trustee's motion. The parties filed a stipulation of facts covering both presumption issues and totality of the circumstance issues. At the hearing, there was considerable confusion over what issues were dispositive of the case. The U.S. Trustee's counsel and her analyst disagreed in open court at one point. The court took the matter under submission and issued a decision on eleven days later, on August 19, 2007, deciding an issue of law against the debtor. The court assumed from the statements made at the hearing that the ruling meant that the motion had to be granted as a matter of law, but it ordered that if the debtor could still pass the means test notwithstanding the ruling the parties should restore the matter to the calendar for further hearing.

      The motion came on for further hearing on December 21, 2008, both sides agreeing that the debtor could still pass the means test if she was allowed deductions for her two cars. The court took the matter under submission and a week later, on December 28, 2007, issued a decision against the debtor citing a new

1

BAP case. The court provided that if both sides did not think the BAP case was dispositive then the motion should be set for further hearing.

Neither side took any action on the motion for three months, until March 26, 2008, when the U.S. Trustee filed a "statement of the case" indicating that the BAP case did not dispose of the motion and there remained a factual issue regarding the deduction of two vehicles. The statement noted that if the court ruled in favor of the debtor on this issue the presumption of abuse would not arise and the U.S. Trustee would move forward for dismissal on the totality of the circumstances. A third hearing was held on April 4, 2008, and a fourth hearing, at which time the court heard testimony and cross-examination, was held on April 28, 2008. On April 30, 2008, the court filed its memorandum of decision in favor of the debtor and on May 5, 2008, entered an order denying the U.S. Trustee's motion. The U.S. Trustee then filed the instant motion to vacate this order, arguing that the court had not decided whether the totality of the circumstances required dismissal of the debtor's case. She also commenced new discovery, which the court has stayed.

The court begins its analysis by making a few observations. First and foremost, motions to dismiss are not supposed to drag on for over a year after a Chapter 7 case is commenced. The delay in this case was not the court's doing; all submitted issues were promptly decided. Second, the court has never bifurcated the motion; it just focused in on individual issues which the parties argued were dispositive. Third, the parties stipulated to the facts on all issues, including the totality of the circumstances, on November 8, 2007. Fourth, the motion languished with no action for three months after the court filed its memorandum of December 28, 2007.

The U.S. Trustee is correct in arguing that the court dismissed her entire motion without determining whether the totality of the circumstances mandate dismissal. However, she is wrong in thinking that it is appropriate for the court to allow further discovery over a year after the case was filed and eight months after the parties stipulated to the relevant facts. Accordingly, she shall submit a form of order vacating the order of May 5, 2008, but also denying all requests for further discovery. Once this order is submitted, the court will decide the issue of whether the totality of the circumstances mandates dismissal on the existing record without further hearing and will thereafter enter a single order disposing of the U.S. Trustee's motion to dismiss this

2

case.

Dated: June 14, 2008

                                                       Alan Jaroslovsky
                                                       U.S. Bankruptcy Judge