UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAMONA JOLYNN COMSTOCK,                                              No. 07-10718

                                    Debtor(s).
_____/

Memorandum re Totality of the Circumstances
_____

      Debtor Ramona Comstock is a single woman who appears to be in her late twenties or early thirties. She is employed at a Santa Rosa manufacturing company and makes $5,560.00 per month, which is above the state median but is a modest income for this part of the state. She resides in a home owned by her father, and pays rent to him. She filed her Chapter 7 petition on June 13, 2007, scheduling about $46,000.00 in unsecured debt.

      The U.S. Trustee has moved for dismissal of this case on two grounds: that abuse is presumed pursuant to § 707(b)2) of the Bankruptcy Code, and that the case should be dismissed pursuant to § 707(b)(3)(B) because the totality of the circumstances of Comstock's financial situation demonstrates abuse. The court has already decided that there is no presumption of abuse in this case. The remaining issue is whether the totality of the circumstances mandates a finding of abuse.

      The court begins by noting that once the court has determined that there is no presumption of abuse, the burden of persuading the court that the case ought to be dismissed is on the U.S. Trustee.

1

*Hebbring v. U.S. Trustee*, 463 F.3d 902, 909 (9th Cir. 2006). See also *In re Perrotta*, 378 B.R. 434, 437 (Bankr. D. N.H. 2007)["[A]t a hearing to dismiss a case where the presumption of abuse does not arise, the burden of proof is on the moving party to establish that the case was filed in bad faith or that the totality of the circumstances of a debtor's financial situation demonstrate abuse."]; *In re Ansar*, 383 B.R. 344, 348 (Bankr.D.Minn.2008); *In re Close*, 384 B.R. 856, 860 (Bankr.D.Kan.2008); *In re Longo*, 364 B.R. 161, 164 (Bankr.D.Conn.2007).

The U.S. Trustee's argument for dismissal is based on the fact that the debtor lives with a man. He does not pay rent to the debtor, and sometimes drives one of her cars.[1] He makes $1,600.00 per month as a limousine driver, from which he pays $650 per month in child support. Comstock pays most of the household expenses, except her boyfriend pays for dinner and groceries a few times a month. Essentially, the U.S. Trustee's argument is that if Comstock kicked her boyfriend out of the house then her household expenses would go down and she could afford to pay her creditors.

The court is very uncomfortable with the idea of basing a finding of abuse on lifestyle or association choices. It is hard enough in this world to find love and companionship without being told by the U.S. Department of Justice that one should make choices which better benefit one's creditors. The court doubts that any of the creditors would have withheld credit had they known Comstock was living with a man who did not make much money. However, the court need not travel down this bumpy road for the simple reason that Comstock's expenses, be they for one person or two, are very modest.

Comstock's schedule J shows household expenses of $324.00 per month for power, water, garbage, cable service and telephone, which is very modest and would not go down much at all if Comstock's boyfriend were not there. Her expense of $450 per month for food seems hardly enough for one person, so it is certainly reasonable for two. She budgets only $20 per month for clothing and

---

[1] Comstock has two cars: a 1988 Toyota and a 2003 Nissan. The Toyota is in poor shape and has 218,000 miles on it, but gets better gas mileage so the debtor drives it when she can. Her boyfriend drives the Nissan sometimes as his car is 34 years old and not running most of the time.

2

her other budget items, including payments on her student loans, are entirely modest and reasonable regardless of who is living with her. Her schedules show that her expenses are about equal to her monthly take-home pay, meaning that she is unable to fund a meaningful Chapter 13 plan.[2] Considering all of the facts and circumstances, the U.S. Trustee has not come close to persuading that this case ought to be dismissed or that Comstock is guilty of any sort of abuse.

For the foregoing reasons, the U.S. Trustee's motion to dismiss will be denied. Counsel for Comstock shall submit an appropriate form of order forthwith.

Dated: June 26, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] Even considering Comstock's historical bonuses does not alter this conclusion.

3